**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| NATIXIS S.A.<br>30, Avenue Pierre Mendès France<br>Paris 75013<br>France<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Motor Vessel NEWLEAD GRANADINO<br>IMO No. 9483774,<br>her engines, tackle, appurtenances, etc.,<br><br>*in rem,*<br><br>　　　　　Defendant. | *<br>*<br>*<br>*<br>*　Case No. _____<br>*<br>*<br>*<br>*<br>* |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## VERIFIED COMPLAINT *IN REM*

Natixis S.A. ("Natixis), by its attorneys  M. Hamilton Whitman, Jr., Geoffrey S. Tobias and Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation, sues the Motor Vessel NEWLEAD GRANADINO, IMO No. 9483774, her engines, tackle, appurtenances, etc. (the "Vessel"), in rem, in a cause of enforcement of a preferred ship mortgage, and states:

### JURISDICTION AND VENUE

1. This is a matter of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. This is an admiralty action <u>in</u> <u>rem</u> for foreclosure of a preferred ship mortgage pursuant to the federal Ship Mortgage Act, as amended, Chapter 313 of Title 46 of the United States Code.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b), as the Vessel is currently berthed in this District.

## THE PARTIES

4. At all times hereinafter mentioned, the plaintiff Natixis was and is a French banking corporation with its principal office located in Paris, France.

5. At all times relevant, the defendant Vessel was a vessel duly documented under the laws of Malta, IMO No. 9483774, owned by Aeolus Compania Naviera S.A. ("Aeolus" or the "Mortgagor").

6. The Vessel is now berthed in the Port of Baltimore, at Pier 13, 4601 Newgate Avenue, Canton, Maryland.

## THE DOCUMENTATION

7. In October of 2008, Nepheli Marine Company, Aeolus and Kastro Compania Naviera, S.A., (the "Borrowers") executed and delivered in favor of Natixis, a Loan Agreement dated 9 October 2008, in a principal amount of $17,880,000.00 (the "Principal Amount"), with a variable interest rate set according to Clause 3.1 of the Loan

Agreement. Repayment was due according to Clause 4.1 of the Loan Agreement. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.

8.      Supplemental Agreements to the Loan Agreement were executed on 18 September 2009 (Exhibit B), 29 December 2011 (Exhibit C), 14 January 2015 (Exhibit D) and 20 February 2015 (Exhibit E).  Newlead Holdings Ltd. ("Corporate Guarantor") guaranteed performance of the Loan Agreement, as supplemented.

9.      To secure the obligations of Aeolus under the Loan Agreement, on or about 18 September 2009, Aeolus executed and delivered in favor of Natixis a Mortgage (Body Corporate) (the "Mortgage") covering the Vessel, IMO No. 9483774, originally known as the CAPTAIN NIKOLAS I, now known as the NEWLEAD GRANADINO.  The Mortgage is to secure all sums due and owing under the 9 October 2008, Loan Agreement, as supplemented.  The Mortgage acquired priority status in Malta upon recordation.  A true and correct copy of the Mortgage is attached hereto as Exhibit F.

10.     The Mortgage was duly recorded in favor of Natixis in the Registry of Ships of Malta, on 18 September 2009, at 6:20 p.m. and is thus enforceable as a preferred or priority mortgage on the Vessel.

11.     Prior to the commencement of this action, all acts and things required to be done in order to constitute the Mortgage as a preferred maritime lien upon the Vessel were done or caused to be done by or on behalf of Natixis, and the Mortgage constitutes a preferred ship mortgage within the meaning of 46 U.S.C. §§ 31322, 31323, 31324, 31325 and 31326.

## **DEFAULT AND DEMAND**

12. The Borrowers have failed to pay amounts outstanding under the Loan Agreement and the Supplements thereof.

13. The Borrowers are in default under the Loan Agreement and the Supplements thereof.

14. By letter dated 5 April 2016 (the "First Default Letter"), Natixis notified the Borrowers of this default and advised that all outstanding amounts were immediately due and owing. A true and correct copy of the First Default Letter is attached hereto as Exhibit G.

15. The First Default Letter advised that as of 4 April 2016, there was due to Natixis the sum of $8,041,030.65 in unpaid principal, interest, late charges and other fees. No part of this amount has been paid.

16. On or about 7 June 2016, Natixis served a second Notice of Default, Reservation of Rights and Demand Payment against Aeolus, inter alia, as a Borrower, claiming a total due and owing of at least $8,144,535.23 (Exhibit H).

17. The Corporate Guarantor, Newlead, acknowledged on its behalf and on behalf of the Borrowers, including Aeolus, receipt of the aforementioned Notices of Default and acknowledged that Natixis was owed at least $8,026,990.69 (Exhibit I). Additional interest, late charges and other fees have continued to accrue since the date of the First Default Letter.

3158807 v.1

18. Additionally, Natixis has been and will be compelled to pay money for legal fees, crew costs, supplies, insurance, waste removal and myriad other expenses required in order to maintain the vessel by reason of the Borrowers' default, for which fees and expenses Natixis is entitled to recovery under the Mortgage and all of which fees and expenses are secured by the Mortgage.

19. As of the date hereof, there is due and owing an amount secured by the Mortgage of at least $10,500,000.

WHEREFORE, plaintiff Natixis demands:

1. That process be issued against the Motor Vessel NEWLEAD GRANADINO, her engines, tackle, appurtenances, etc., and that all persons claiming title or rights to said Vessel be cited to appear and answer under oath the allegations of this Verified Complaint In Rem;

2. That the Mortgage be declared a valid and existing preferred maritime lien on the Motor Vessel NEWLEAD GRANADINO, her engines, tackle, appurtenances, etc.;

3. That a judgment be entered against the Motor Vessel NEWLEAD GRANADINO, her engines, tackle, appurtenances, etc., for the full amount of Natixis's claims, together with interest, late charges, expenses, attorneys' fees and costs;

4. That the Motor Vessel NEWLEAD GRANADINO, her engines, tackle, appurtenances, etc., be condemned and sold free and clear of all liens and encumbrances

to satisfy the judgment in favor of Natixis, and that the Court award Natixis, out of the proceeds of said sale, the full amount of its claims as aforesaid and as determined by the Court, and

5. That the Court grant such other relief as the Court may consider just.

Dated: February 9, 2017

                                                        */s/ M. Hamilton Whitman, Jr.*
                                        M. Hamilton Whitman, Jr., Trial Bar No. 00373
                                        mhwhitman@bakerdonelson.com
                                        Geoffrey S. Tobias, Trial Bar No. 00301
                                        gtobias@bakerdonelson.com
                                        BAKER, DONELSON, BEARMAN, CALDWELL &
                                           BERKOWITZ, P.C.
                                        100 Light Street
                                        Baltimore, Maryland 21202
                                        Phone: 410-862-1154
                                        Fax: 443-263-7554

                                        *Attorneys for Natixis S.A.*

6

3158807 v.1

## **VERIFICATION**

I am a shareholder of the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation, and attorney for the plaintiff herein. The facts alleged in the foregoing Verified Complaint as to amount of the various claims and non-payment thereof are true to the best of my knowledge, information and belief. The sources of my information and the grounds of my belief are statements and records furnished me by the plaintiff and its attorneys. No authorized officer of plaintiff is present in this District. I am authorized by plaintiff to make this verification on their behalf.

Pursuant to 28 U.S.C. 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on February 9, 2017.

*/s/ M. Hamilton Whitman, Jr.*
M. Hamilton Whitman, Jr.