IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| NATIXIS S.A. | * | |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION |
| MOTOR VESSEL NEWLEAD GRANADINO | * | NO. JKB-17-379 |
| IMO NO. 9483774, her engines, tackle, | | |
| Appurtenances, etc., *in rem* | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \*

| | |
|---|---|
| ASPHALTOS TRADE S.A. OF PANAMA | * |
| IBC Tower, 9th Floor Office 6 | |
| Avenida Manuel | * |
| Espinosa Batista, Panama City | |
| | * |
| Intervening Plaintiff | |
| | * |
| v. | |
| | * |
| MOTOR VESSEL NEWLEAD GRANADINO | |
| IMO NO. 9483774, her engines, tackle, | * |
| Appurtenances, etc., *in rem* | |
| | * |
| and | |
| | * |
| BUNKERS REMAINING ON BOARD, *in rem* | |
| | * |
| Defendants | |
| | * |

\* \* \* \* \* \* \* \*

**MOTION TO INTERVENE IN THIS ACTION PURSUANT
TO FED. R. CIV. P. 24 AND LAR E(10) AND MEMORANDUM**

Asphaltos Trade S.A. (hereinafter "Asphaltos"), hereby moves pursuant to Fed. R. Civ. P. 24 and LAR e(10) to intervene in this action, and for this Court to effect the arrest of the vessel M/V NEWLEAD GRANADINO (hereinafter "Vessel") pursuant to Supplemental Rules of Admiralty, Rules C and D without further physical service by the United States Marshal upon the Vessel of such process of arrest and states in support as follows:

1. As Asphaltos sets out in its accompanying Verified Intervening Complaint, it has (1) an *in rem* claim against the vessel for towage services provided to the vessel, (2) an *in rem* claim, equitable claim, or *in custodia legis* claim against the vessel or proceeds of sale for use of bunkers belonging to plaintiff, and (3) an *in* rem possessory claim under Supplemental Rule D and equitable claim as to bunkers remaining on board at this time. As such, Asphaltos is so situated that disposing of the action may as a practical matter impair or impede movant's ability to protect its interest and further Asphaltos claims an unconditional and conditional right to intervene pursuant to 46 U.S.C. Sec. 31326(b)(2) and the general maritime law.

2. LAR (e)(10) ("Intervenors' Claims and Sharing of Marshal's Fees and Expenses (a.) intervention Before Sale") provides as follows:

> When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the Marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint under Fed. R. Civ. P. 24, and not by filing an original complaint, unless otherwise ordered by a judicial officer. An order permitting intervention may be signed *ex parte* at the time of filing the motion, subject to the right of any party to object to such intervention within fourteen (14) days after receipt of a copy of the motion and proposed pleading. Such motions shall not be subject to the provisions of L.R. 105. Upon the signing of an order permitting intervention, the Clerk shall forthwith deliver a conformed copy of the intervening complaint to the Marshal, who shall deliver the copy to the vessel or custodian of the property. Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor. An intervenor shall not be required to advance a

security deposit to the Marshal for seizure of a vessel as required by LAR (e)(9). Property arrested, attached, or garnished by an intervenor shall be released in accordance with Supplemental Rule E(5).

3. The United States Marshal has previously served an arrest warrant on behalf of Plaintiff Natixis S.A. on the master of the Vessel and as a result, the Vessel was detained and ordered sold on April 19, 2017. In the April 25, 2017 Order confirming the sale, interested parties were given until May 25, 2017 to file any intervening complaint in accordance with LAR (e)(10)(2).

4. Asphaltos therefore requests that the Court enter an Order granting its Motion, and, in accordance with LAR (e)(10), accepting the Intervening Complaint as sufficient process of arrest of sale proceeds and as to the bunkers remaining on board now in the exclusive possession of the custodian, and provide further that the Vessel or proceeds of sale and bunkers shall stand arrested by Intervening Plaintiff Asphaltos without further service of the Intervening Complaint or other process of arrest by the United States Marshal upon the Vessel bunkers. Asphaltos will serve by facsimile a copy of the Verified Intervening Complaint on the purchaser Natixis, and file a Notice with the Court confirming this service.

Asphaltos respectfully requests this Court to grant its Motion, and herewith submits a proposed Order.

Dated: May 9, 2017

/s/
David W. Skeen #01084

/s/
Stephen F. White #00011

/s/
Marc A. Campsen #29791

Wright, Constable & Skeen, LLP
7 Saint Paul Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410)659-1305
Facsimile: (410)659-1350

*Attorneys for Intervening Plaintiff,
Asphaltos Trade S.A. of Panama*

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May 2017 a copy of the foregoing Motion and Memorandum to Intervene and proposed Order were served via electronic filing and/or first class mail, postage prepaid, to:

Geoffrey Tobias, Esquire
M. Hamilton Whitman, Jr., Esquire
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
100 Light Street, 19th Floor
Baltimore, MD 21202
*Attorneys for Plaintiff, Natixis S.A.*

/s/
David W. Skeen #01084