IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
NORTHERN DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| NATIXIS S.A. | * | |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION |
| MOTOR VESSEL NEWLEAD GRANADINO IMO NO. 9483774, her engines, tackle, Appurtenances, etc., *in rem* | * | NO. JKB-17-379 |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ASPHALTOS TRADE S.A. OF PANAMA IBC Tower, 9th Floor Office 6 Avenida Manuel Espinosa Batista, Panama City | * |
| | * |
| Intervening Plaintiff | * |
| v. | * |
| MOTOR VESSEL NEWLEAD GRANADINO IMO NO. 9483774, her engines, tackle, Appurtenances, etc., *in rem* | * |
| and | * |
| BUNKERS REMAINING ON BOARD, *in rem* | * |
| Defendants | * |

\* \* \* \* \* \* \* \*

**VERIFIED INTERVENING COMPLAINT**

Asphaltos Trade S.A. of Panama (hereinafter "Asphaltos"), by David W. Skeen, Stephen F. White, Marc A. Campsen, and Wright, Constable & Skeen, LLP, its attorneys, file this

Complaint against M/V NEWLEAD GRANADINO, her engines, tackle, appurtenances, etc., and the bunkers remaining on board, *in rem.*

1. That this is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The *in rem* Complaint is filed pursuant to Supplemental Rule C and Rule D.

2. At all times hereinafter mentioned, the Intervening Plaintiff, Asphaltos, was and now is a foreign corporation incorporated under the laws of Panama with an office and place of business at IBC Tower, 9th Floor Office 6, Avenida Manuel, Espinosa Batista, Panama City and at all relevant times, was the charterer of the M/V NEWLEAD GRANADINO.

3. In support of this Intervening Complaint Asphaltos incorporates by reference the Declaration of Pieter-Paul L.J. Winters, operations manager of Asphaltos and attached exhibits. On September 15, 2016 the vessel, M/V NEWLEAD GRANADINO, was experiencing a reduction in propulsion due to main engine damage and became a hazard to navigation and by order of the Coast Guard required towage services to be brought safely up the Chesapeake Bay. (*See* Declaration Para. 2.)

4. The owner of the vessel was not in a cash position to pay for towage so it was necessary for Asphaltos to advance the cost to avoid incurring maritime liens. (*Id.* Para. 3.)

5. Moran Towing Company was retained by Asphaltos for this purpose and paid-in-full by Asphaltos for its services. (*Id.* Para. 4.)

6. Intervening plaintiff, Asphaltos, as charterer was at all times responsible for the purchasing of all bunkers supplied to the M/V NEWLEAD GRANADINO. (*Id.* Para. 8 and 12.)

## COUNT I – MARITIME LIEN FOR TOWING EXPENSES

7. Under applicable law, the provision of towing services to a vessel is a necessary and gives rise to a maritime lien. In the case of a vessel subject to a foreign preferred ship mortgage if the services are provided in the United States, the lienor has a statutory priority over that mortgage.

8. A party who advances costs of towage to discharge a potential U.S. maritime lien is entitled to stand in the shoes of that lienor with respect to vessel owner's property and is entitled to a statutory priority over a foreign preferred ship mortgage lien.

9. Asphaltos, as charterer, having advanced the costs of towage in the amount of $106,406.80 thus discharging a potential U.S. maritime lien of Moran Towing, is entitled to recover that amount plus interest and costs as a maritime lien with priority over the mortgagee as to the sale proceeds. (*Id.* Para. 4.)

## COUNT II – MARITIME LIEN, EQUITABLE CLAIM OR *IN CUSTODIA LEGIS* CLAIM FOR BUNKERS SUPPLIED TO AND USED BY THE VESSEL

10. Asphaltos incorporates by reference herein the preceding paragraphs of the Verified Intervening Complaint.

11. At the time of the completion of discharge and the termination of the charter on September 22, 2016, intervening plaintiff Asphaltos was owner of all bunkers remaining on board the M/V NEWLEAD GRANADINO. (*Id.* Para.6, 8, 9 and 10.)

12. Since September 22, 2016 the bunkers remaining on board have been and are being used for the sole benefit of the vessel and owner and its principal creditor, Plaintiff Natixis.

13. The bunkers at issue are necessaries and were supplied in the United States at Port Everglades on July 21, 2016, Port of New Orleans on July 27, 2016 and the Port of Norfolk, Virginia on September 19, 2016 as appears from the invoices attached hereto. (*See* Declaration

Ex. ___.) The value of bunkers remaining on board as of the time of the termination of the charterparty was $80,094.96 as of September 22, 2016. (*See* Para. 9 and 10.)

14.   Asphaltos paid the costs of the bunkers and has provided necessaries to the vessel in the United States. Accordingly, Asphaltos is entitled by statute to a maritime lien with a priority over foreign preferred ship mortgage as to proceeds of sale.

15.   Asphaltos also has an equitable claim under existing legal authorities against the proceeds of sale ranking equally with other *in custodia legis* expenses as to bunkers utilized for the preservation of the vessel and her crew during the period of September 22, 2016 to February 10, 2017, the date of arrest, and thereafter while the vessel was under arrest and prior to sale and ratification of the sale.

16.   Asphaltos will require some discovery to determine the exact amount of bunkers utilized during this period to compute the exact value of its maritime lien, equitable claim or *in custodia legis* claims for bunkers.

**COUNT III – EQUITABLE AND POSSESSORY CLAIM UNDER SUPPLEMENTAL RULE D FOR BUNKERS REMAINING ON BOARD M/V NEWLEAD GRANADINO**

17.   Asphaltos incorporates by reference herein the preceding paragraphs of the Verified Intervening Complaint.

18.   Under Federal Rules of Procedure, Supplemental Rule D an owner of maritime property, in this case bunkers, may maintain a possessory action against the property *in rem* as to which it claims title and to recover its property or security for the value of the property.

19.   Bunkers remaining on board are the property of Asphaltos as charterer and are not the property of the debtor vessel owner or the plaintiff Natisix and Asphaltos has an equitable claim for recovery. (*See* Para. 9 and 10.)

20.     Asphaltos will require some discovery as to the amount of its bunkers remaining on board M/V NEWLEAD GRANADINO at this time.

21.     Depending on the amount of bunkers on board, Asphaltos would request to have its bunkers removed or, if more expedient, for the bank as purchaser to reimburse Asphaltos directly for the value of the bunkers.

WHEREFORE, Intervening Plaintiff prays:

a.      That process of *in rem* arrest be issued against M/V NEWLEAD GRANADINO for Count I $106,406.80 and Count II for an amount up to $80,294.56 against the proceeds of sale of M/V NEWLEAD GRANADINO, and for recovery of the bunkers remaining on board or their value under Count III.

b.      That Plaintiff may have such other and further relief as in law and justice it may be entitled to receive.

```
                                        /s/
                              _____
                              David W. Skeen #01084
                              Stephen F. White #00011
                              Marc A. Campsen #29791
                              Wright, Constable & Skeen, LLP
                              7 Saint Paul Street, 18th Floor
                              Baltimore, Maryland 21202
                              Telephone: 410-659-1305
                              Facsimile: 410-659-1350
                              Attorneys for Intervening Plaintiff,
                              Asphaltos Trade S.A. of Panama
```

## VERIFICATION

I, David W. Skeen, am a member of the Bar of this court and a partner within the firm of Wright, Constable & Skeen, LLP, attorneys for Intervening Plaintiff, who does not have an officer

in this jurisdiction. I verify that I have read the foregoing Verified Intervening Complaint and know the contents thereof, and affirm that the facts alleged in the foregoing Verified Intervening Complaint are true and correct to the best of my knowledge and information based upon the records of intervening plaintiff made available to me by intervening plaintiff.

Pursuant to 28 U.S.C. § 1749, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2016.

                                                               /s/
                                              David W. Skeen